IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**TEQUILA W. WILSON,**

    **Plaintiff,**

vs.                                                                        Case No. 1:10cv248-MP/WCS

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This is a social security case referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D. Loc. R. 72.2(D).  It is recommended that the decision of the Commissioner be affirmed.

**Procedural status of the case**

Plaintiff, Tequila W. Wilson, applied for supplemental security income benefits. Plaintiff alleges disability due to chronic obstructive pulmonary disease, aortic regurgitation, and foot pain, with onset on February 7, 2009.  Plaintiff was 51 years of

age on June 17, 2010, the date of the hearing.  She has a 12th grade equivalency education and has no past relevant work.

The Administrative Law Judge found that Plaintiff has the residual functional capacity to do a wide range of light work.  Relying upon vocational testimony, the ALJ concluded that Plaintiff is not disabled because she can do the jobs of sales attendant, office helper, and cafeteria attendant.

**Legal standards guiding judicial review**

This court must determine whether the Commissioner's decision is supported by substantial evidence in the record and premised upon correct legal principles.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted); Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).  "The Commissioner's factual findings are conclusive if supported by substantial evidence."  Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).

A disability is defined as a physical or mental impairment of such severity that the claimant is not only unable to do past relevant work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).  A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  Both the "impairment" and the "inability" must be expected to last not less than 12 months.  Barnhart v. Walton, 535 U.S. 212, 122 S.Ct. 1265, 1272, 152 L.Ed.2d 330 (2002).

>The Commissioner analyzes a claim in five steps.  20 C.F.R. § 404.1520(a)-(f):
>
>1. Is the individual currently engaged in substantial gainful activity?
>
>2. Does the individual have any severe impairments?
>
>3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?
>
>4. Does the individual have any impairments which prevent past relevant work?
>
>5. Do the individual's impairments prevent other work?

A positive finding at step one or a negative finding at step two results in disapproval of the application for benefits.  A positive finding at step three results in approval of the application for benefits.  At step four, the claimant bears the burden of establishing a severe impairment that precludes the performance of past relevant work.  If the claimant carries this burden, the burden shifts to the Commissioner at step five to establish that despite the claimant's impairments, the claimant is able to perform other work in the national economy.  Chester, 792 F.2d at 131; MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, the claimant must prove that he or she cannot perform the work suggested by the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

**Evidence from the administrative hearing**[1]

Plaintiff testified that she is prevented from working by her "nerves" and "standing up on my feet." R. 39. She explained that her toe was broken, that she has calluses, and needs to have her toe reset. *Id*. She said she "sometimes" has difficulty walking. *Id*. She said that when she walks, she becomes tired in her muscles and breathing, and must rest. *Id*. She said she can stand for one half to one hour. R. 40.

Plaintiff said she had no difficulty with sitting. R. 40. She said she sometimes has cramps in her fingers and sometimes forgets things. *Id*. She had a driver's license and drove a motor vehicle when she had to, and had no difficulty driving. R. 40-41.

**Legal analysis**

> **Whether the ALJ erred at step 2 by not finding that Plaintiff's arthritis in both big toes and her foot deformities were a "severe" impairment**

At step 2, the Administrative Law Judge did not find that Plaintiff had a "severe" impairment of arthritis in her big toes and foot deformities. R. 17. Plaintiff contends that this was error.

At step 2, the issue is whether Plaintiff has shown that he or she has a condition which has more than "a minimal effect on her ability to: walk, stand, sit, lift, push, pull,

---

[1] Descriptions of the purpose and effects of prescribed drugs are from PHYSICIANS' DESK REFERENCE, as available to the court on Westlaw, or PDRhealth™, PHYSICIANS DESKTOP REFERENCE, found at < http://www.pdrhealth.com/drugs/drugs-index.aspx >. Information about medical terms and prescription drugs come from DORLAND'S MEDICAL DICTIONARY FOR HEALTHCARE CONSUMERS, available at: http://www.mercksource.com (Medical Dictionary link) or MEDLINE PLUS, found at www.nlm.nih.gov/medlineplus/mplusdictionary.htm. Social Security Rulings can be found at: http://www.ssa.gov/OP_Home/rulings/rulfind1.html.   The pages at these websites are not attached to this report and recommendation as the information is relatively well-settled, the precise definitions are not at issue in this case, and the definitions are not likely to be in dispute.

Case No. 1:10cv248-MP/WCS

reach, carry, or handle, etc." Flynn v. Heckler, 768 F.2d 1273, 1275 (11th Cir. 1985) (relying on 20 C.F.R. § 404.1521). "In other words, the 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). "[I]n order for an impairment to be non-severe, 'it [must be] a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.' " Parker v. Bowen, 793 F.2d 1177, 1181 (11th Cir. 1986), citing Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984), Edwards v. Heckler, 736 F.2d 625, 630 (11th Cir. 1984), and Flynn, 768 F.2d at 1274.

    Plaintiff relies upon the following medical evidence for this argument. On June 26, 2007, Lance L. Chodosh, M.D., examined Plaintiff on a consultative basis. R. 397-400. Plaintiff told Dr. Chodosh she cannot walk more than one-half mile due to foot pain and shortness of breath. R. 398. She said she could not stand for more than 60 to 90 minutes. *Id.* Dr. Chodosh noted that Plaintiff completed a "review of systems," but his account of what was on that check list did not mention any impairment of her big toes and feet. *Id.* Dr. Chodosh noted bony prominences and calluses on the plantar aspects of Plaintiff's feet in the area of the third metatarsal heads. R. 399.

    Dr. Chodosh's diagnostic impression included a finding of "foot pain secondary to arthritis in the right great toe and mild to moderate foot deformities. The deformities and

the painful calluses could be treated surgically." R. 400. He also noted that Plaintiff had chronic alcoholism, probably active. *Id.* Dr. Chodosh concluded:

> It is my opinion, based only on objective evidence, that this person is able to stand and walk occasionally, probably not more than 1 hour at a time, or for more than 6 hours out of 8 hours. She can sit, stoop, squat, kneel, lift, carry, handle objects, see, hear, and speak normally.

*Id.*

On November 1, 2008, Eftim Adhami, M.D., also conducted a consultative examination of Plaintiff. R. 549-550. Plaintiff reported that she had night cramps in her toes and feet lasting for one hour. R. 549. She also said she had shortness of breath when she walked and "needs to stop after 1 mile." *Id.* She drank two quarts of beer a day. *Id.* On examination Dr. Adhami noted that Plaintiff's right great toe had a bone bulging on the top of the first joint, but her walk, including toe and heel walking and tandem walking, was normal, and she did not use any assistive devices. *Id.* Dr. Adhami's diagnostic impression was that Plaintiff's right great toe had a bulging bone. R. 550. He said that it "may need surgery to repair it," but "it should not interfere with work activities." *Id.*

The ALJ's implicit conclusion at step 2 that the condition of Plaintiff's toes and feet was not a "severe" impairment is supported by substantial evidence in the record. Dr. Chodosh said that the foot deformities could be treated surgically. Dr. Adhami likewise said that Plaintiff might need surgery to repair the bulging bone in her right great toe, but he thought that the condition would not interfere with her work activities. In other words, while this condition was perhaps a "deviation from purely medical standards of bodily perfection or normality," it had no more than a minimal effect upon

Plaintiff's ability to work. McCruter v. Bowen, 791 F.2d at 1547. It was not error for the ALJ to fail to find at step 2 that this was a "severe" impairment.

### Whether the ALJ erred in rejecting the opinion of Dr. Colon, Plaintiff's treating physician, and whether the ALJ should have asked Dr. Colon to clarify his opinion

The opinion of a claimant's treating physician must be accorded considerable weight by the Commissioner unless good cause is shown to the contrary. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Winschel v. Commissioner of Social Sec., 631 F.3d 1176, 1179 (11th Cir. 2011).

On September 24, 2008, John Colon, M.D., wrote a "to whom it may concern" note which stated: "The above named patient has multiple medical conditions that prevent her from working." R. 536. Dr. Colon also completed a physical capabilities evaluation for Plaintiff on April 30, 2010. R. 595-596. He said that Plaintiff could sit for 8 hours a day, could stand for 5 hours a day, and could walk for 5 hours a day. R. 595. He said that she could occasionally lift and carry from 11 to 20 pounds. *Id*. He then said he thought that Plaintiff could perform "very light capacity" work on an irregular basis for 15 hours a week, and he said that her condition was expected to last only six months. R. 596.

The ALJ gave less weight to the opinion of Dr. Colon, that Plaintiff's conditions prevented her from working, because that is the issue reserved to the Commissioner. R. 20. Plaintiff concedes that this is correct, that a physician's opinion must be expressed in terms of limitations of capabilities and activities, not the ultimate question. Doc. 12, p. 9. Having properly discounted this short opinion for that reason, the ALJ

was not required to give it further notice because the September 24, 2008, "cannot work" opinion was unsupported by any reference to the medical records.

The ALJ also gave less weight to the April 30, 2010, findings of Dr. Colon because they were not supported by medically accepted clinical signs or findings, and relied too heavily on Plaintiff's subjective allegations of symptoms. R. 20. This reasoning is supported by substantial evidence. Dr. Colon's April 30, 2010, findings did not reference any objective medical evidence. R. 595-596. Further, Dr. Colon's opinion that Plaintiff could work irregularly for only 15 hours a week is undermined by his opinion that Plaintiff could sit for 8 hours a day, stand for 5 hours a day, walk for 5 hours a day, and can occasionally lift or carry 11 to 20 pounds. R. 595. Finally, the opinion is not especially relevant since Dr. Colon said that Plaintiff's "condition" was expected to last only 6 months. R. 596. Impairments for social security purposes, as explained earlier, must be expected to last 12 months or more.

Plaintiff contends that Dr. Colon's opinion was ambiguous because the form he completed did not state whether Plaintiff can sit, stand, or walk in combination for an 8 hour day, 40 hours a week. Plaintiff argues that the ALJ should have clarified this issue with Dr. Colon. Plaintiff also argues that the ALJ should have asked Dr. Colon whether he meant that Plaintiff could work only 5 hours a day, 3 days a week (15 hours) if the job required that she stand or walk.

The first argument that Dr. Colon's opinion was ambiguous is not persuasive. These forms always read this way. An ability to sit for 8 hours may reasonably be read

as an ability to sit for 3 hours and to stand and walk for 5 hours during a work day, that is, in combination.

Dr. Colon's opinion was inconsistent, as observed above, because he said that Plaintiff could only work 15 hours a week. "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . ." Sims v. Apfel, 530 U.S. 103, 110-111, 120 S.Ct. 2080, 2085, 147 L.Ed.2d 80 (2000), citing Richardson v. Perales, 402 U.S. 389, 400-401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997), *citing*, Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). This basic duty exists whether or not the claimant is represented. Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995) (citation omitted).

Additional evidence, however, is not necessary if the record contains sufficient evidence to make a decision. Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999). Further, ". . . there must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record." Brown v. Shalala, 44 F.3d at 935 *Id*. The court should be guided by "whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.' " *Id*.; Graham v. Apfel, 129 F.3d at 1423.

The record here does not reveal evidentiary gaps resulting in clear prejudice.  Dr. Colon's April 30, 2010, opinion was based upon a determination that Plaintiff's condition was expected to last only 6 months.  Further, he said she could sit for 8 hours a day and stand or walk for 5 hours a day.  He assigned a lifting and carrying capability that supported the ALJ's determination that Plaintiff has the residual functional capacity to do light work.[2]  This was basically consistent with Dr. Chodosh's opinion, that Plaintiff had the capacity to sit or stand for an 8 hour day.  R. 400.  It was not error for the ALJ to have failed to ask Dr. Colon to clarify his opinion.

**Conclusion**

Considering the record as a whole, the findings of the Administrative Law Judge were based upon substantial evidence in the record and correctly followed the law.  The decision of the Commissioner to deny Plaintiff's application for benefits should be affirmed.

---

[2] The Commissioner's rules define "light work" in part:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) and 416.967(b).

Case No. 1:10cv248-MP/WCS

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner to deny Plaintiff's application for Social Security benefits be **AFFIRMED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 21, 2011.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**